911 F.2d 726
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jimmy Dean WHEELER, Plaintiff-Appellant,
v.
Talmadge BARNETT, Medical Staff, Eastern Correctional
Center, Officer McCoy, Mr. McLauren, Richard M. Young, X-Ray
Technician, Female, Pitt County Memorial Hospital Staff,
X-Ray Technician, Male, Pitt County Memorial Hospital Staff,
Pitt County Memorial Hospital Staff Member, (Two), J.P.
Morgan, Mr. Lee, P.A., Defendants-Appellees.
 No. 89-7812.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 15, 1990.
Decided July 19, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (C/A No. 89-578-CRT-H)
 Jimmy Dean Wheeler, appellant pro se.
 E.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before PHILLIPS and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Jimmy Dean Wheeler, a North Carolina inmate at Eastern Correctional Institution (ECI), appeals from the district court's 28 U.S.C. Sec. 1915(d) dismissal of his 42 U.S.C. Sec. 1983 suit. Wheeler alleged that various medical and correctional staff members violated his constitutional rights by not treating him properly after he severely fractured his foot. Wheeler named as defendants the superintendent at ECI, several staff members at ECI, and several members of the staff at Pitt County Memorial Hospital (Memorial). The district court dismissed all of Wheeler's claims as frivolous. We hold that the claims against the superintendent and the staff members at Memorial were properly dismissed under Sec. 1915(d) but that the district court erred in dismissing the claims against the staff members at ECI.
 
 
 2
 In his complaint, Wheeler alleged that correctional officials deliberately aggravated the pain he was suffering as a result of a severely fractured foot by shackling the injured foot for his transfer from the prison to Memorial. Wheeler also claimed that his rights were violated when, contrary to the orders of the hospital physician, prison officials took away his crutches and refused further treatment four days later.
 
 
 3
 The district court dismissed all of Wheeler's claims as frivolous. The district court dismissed Wheeler's claim against Superintendent Barnett because he failed to allege that Barnett was personally involved in the claimed violation. The district court also dismsised the claims against the staff at Memorial because it believed that those defendants were not officials acting under color of state law and because the claims against those defendants at most alleged medical malpractice. The district court dismissed the remainder of the claims because it believed that the facts alleged did not amount to deliberate indifference to serious medical needs, and thus did not state a cognizable constitutional violation pursuant to the standards set forth by the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 4
 To satisfy the test for frivolousness under Sec. 1915(d), the district court must find beyond doubt and under any arguable construction, both in law and in fact, of the substance of the plaintiff's claim, that he would not be entitled to relief. Nietzke v. Williams, 57 U.S.L.W. 4493 (U.S. May 1, 1989) (No. 87-1882).
 
 
 5
 To state a cognizable Sec. 1983 claim against a supervisory official, a plaintiff must allege that the official's deliberate indifference or tacit authorization of subordinates' misconduct was a causative factor of the constitutional injury inflicted by the subordinates. Slakan v. Porter, 737 F.2d 368, 376 (4th Cir.1984). Because Wheeler failed to allege that Superintendent Barnett's indifference or tacit authorization was causative of the claimed violation, Wheeler failed to state a cognizable claim.
 
 
 6
 The district court also properly dismissed as frivolous the claims against the staff members at Memorial. To state a cognizable claim for an eighth amendment violation based on a failure to provide medical treatment, a plaintiff must allege that the defendants were deliberately indifferent to his serious medical needs. Gamble, 429 U.S. at 104. In his complaint, Wheeler alleged only that the staff at Memorial should be held liable for failing to ensure that Wheeler was properly treated at ECI after he was returned from the hospital; he did not allege deliberate indifference to his serious medical needs. Therefore, because Wheeler would not be able to recover against these defendants under any possible construction of his claims, the district court's Sec. 1915(d) dismissal of the claims against the staff at Memorial was proper.
 
 
 7
 The district court improperly exercised its discretion under Sec. 1915(d), however, in dismissing the claims against the remaining defendants. In Estelle, 429 U.S. at 104, the Supreme Court held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain prescribed by the eighth amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed. Id. This Court has previously held that unjustified delay in treating a broken arm states a Sec. 1983 claim for an eighth amendment violation. Loe v. Armistead, 582 F.2d 1291 (4th Cir.1978), cert. denied, 446 U.S. 928 (1980).
 
 
 8
 Wheeler's complaint alleged that various members of the staff at ECI intentionally prevented him from receiving medical treatment for his severely fractured foot and wantonly and deliberately caused him pain. Because it cannot be said that under any construction of the law or facts contained in this complaint Wheeler cannot make out a constitutional claim, this claim should not have been dismissed.
 
 
 9
 In summary, the district court's dismissal of the claims against the superintendent and the members of the staff at Memorial is affirmed. However, the dismissal of the claims against the remaining defendants is vacated and the case remanded to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.